T.C. Summary Opinion 2001-152


UNITED STATES TAX COURT


WILLIE CLAYBORN, JR. & JACQULYN A. CLAYBORN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 978-00S.                    Filed September 25, 2001.


Willie Clayborn, Jr. and Jacqulyn A. Clayborn, pro sese.

H. Clifton Bonney, Jr., for respondent.


DINAN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in

effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioners' Federal income tax of $2,340 for the taxable year 1997.

The sole issue for decision is whether certain Social Security disability benefits are includable in petitioners' gross income.

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioners resided in Richmond, California, on the date the petition was filed in this case.

Petitioners filed a joint Federal income tax return for taxable year 1997. They reported $58,534 in adjusted gross income on the return. They received $13,857 in Social Security disability benefits in 1997, but did not report any portion of this amount on their return. Respondent issued petitioners a statutory notice of deficiency with the determination that they had unreported income of $11,778 from the Social Security benefits.[1]

---

[1]Respondent also determined that petitioners had unreported income of $17 in interest and $52 in dividends. Respondent concedes the interest adjustment and petitioners do not dispute the dividends adjustment.

The inclusion of Social Security benefits in gross income is governed by section 86. Social Security disability benefits are treated in the same manner as other Social Security benefits. Sec. 86(d)(1); Thomas v. Commissioner, T.C. Memo. 2001-120. Taxpayers who file a joint return and whose modified adjusted gross income plus half of the Social Security benefits received is greater than $32,000 must include a portion of the benefits in their income. Sec. 86(a) through (c). The portion, never exceeding 85 percent, varies according to a formula set forth in section 86(a). Petitioners had modified adjusted gross income of at least $58,534, see sec. 86(b)(2), and received benefits of $13,857. Because their modified adjusted gross income plus half their benefits exceeds $44,000 by at least $21,463, they must include in income 85 percent of the benefits. See sec. 86(a), (c). Thus, respondent is correct in his determination that petitioners must include in income 85 percent of the Social Security disability benefits, or $11,778.

Petitioners do not dispute receiving $13,857 in Social Security benefits. Their sole argument is that the IRS has made inconsistent rulings regarding whether the benefits are taxable. They assert that an IRS employee agreed that the benefits were not taxable with respect to a prior year. We note that the law governing this area has changed over the years. However, we need not address whether the employee's treatment was correct with

respect to petitioners' situation in a prior year. Regardless of the soundness of the employee's treatment, respondent is not bound by advice given to a taxpayer which is based upon a mistake of law, <u>Dixon v. United States</u>, 381 U.S. 68 (1965); <u>Auto. Club v. Commissioner</u>, 353 U.S. 180 (1957), and we have found that respondent correctly applied the law in effect in 1997 to petitioners' situation in that year.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.